FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AMANDA W.,
Plaintiff,
v.
COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,
Defendant.

No. 2:26-CV-03050-SAB

**ORDER REVERSING THE DECISION OF COMMISSIONER**

Plaintiff brings this action seeking juridical review of the Commissioner of Social Security's final decision, denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by L. Jamala Edwards and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF. No. 9 and the Commissioner's Brief, ECF No.11.

After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court

## I. Jurisdiction

On April 22, 2023, Plaintiff filed an application for disability insurance benefits and well as for supplemental security income, alleging disability beginning May 21, 2022. Plaintiff's application was denied initially and on reconsideration. Plaintiff requested a hearing and on March 25, 2025, a telephonic

hearing was held. Plaintiff participated and was represented by her attorney, Robert Tree. Marisia Hall, vocational expert also participated. The ALJ issued an opinion on April 9, 2025 and found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on December 15, 2025. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on January 21, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If

the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national

economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III. Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir.

2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 48 years old. She attended college for 3 years. Plaintiff contracted COVID-19 in September 2021. Prior to this she was active, had many hobbies and would walk 5-7 miles per day if time permitted before work. After COVID-19, she has had brain fog and memory complaints, worsening mental health and has never recovered her sense of taste or smell. Her pain has increased, and she experiences extreme fatigue. She described her pain as if her muscles are being pulled from her bones.

At her hearing, she estimated that she is only able to sit for 45 minutes before needing to lie down for an hour, being able to stand for dishes 10-15 minutes before needing to rest half an hour, and she only leaves the house 3 times per month. She has also cancelled appointments due to panic attacks.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 21-39.

At step one, the ALJ found that Plaintiff did not engage in substantial activity since May 21, 2022, the alleged onset date. AR 24.

At step two, the ALJ identified the following severe impairments: narcolepsy, idiopathic hypersomnia, post-acute sequelae of COVID-19, lumbar degenerative disc disease with spondylolisthesis and sciatica, obesity, right shoulder subacromial impingement, right elbow epicondylitis, s/p lift middle trigger finger release surgery, chronic pain syndrome and major depressive disorder. AR 24

At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 25. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can never climb ladders, ropes and scaffolds. She can frequently climb ramps and stairs; can frequently stoop and crawl. She can have no exposure to unprotected heights or moving machinery. She can perform low-stress jobs, defined as those having only occasional decision making required and only occasional changes in the work setting. She can have occasional interaction with supervisors, co-workers, and the public.

AR 28.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. AR 36.

At step five, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including marker, routing clerk and inspector/hand packager. AR38. Consequently, the ALJ found that Plaintiff was not disabled.

## VI. Issues

1. Whether RFC is consistent with disability?
2. Whether the ALJ properly evaluated Plaintiff's testimony?
3. Whether the Appeals Council should have issued a remand on the updated medical report from the treating sleep specialist?
4. Whether the ALJ properly assessed the medical opinions?

## VII. Discussion

### 1. RFC

The RFC limits Plaintiff to occasional interaction with supervisors, co-workers, and the public. Plaintiff argues that given this social limitation, it would be unlikely that she could withstand the initial hiring period and would be limited to a string of short-term jobs.

The case law is not clear whether the limit to occasional interaction with supervisors, co-workers and the public would preclude full-time work. It is not necessary for the Court to answer this question because it finds the ALJ erred in finding that Plaintiff was not disabled for the reasons stated below.

**2. Plaintiff's Testimony**

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. First, the ALJ erred in relying on the fact that Plaintiff was not in therapy at the time of the hearing. She testified that she was in the process of finding a therapist and was looking into online therapy. The ALJ failed to account for Plaintiff's unsteady housing and finances to account for her lack of receiving therapy. Also, Plaintiff testified that she had canceled appointments due to panic attacks. She also stated to a treatment provider that she felt prior therapy had made things worse while making accusatory comments about prior doctors not listening. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166

F.3d 1294, 1299-1300 (9th Cir. 1999) (noting “it is questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.”). Moreover, the ALJ failed to account that Plaintiff would become tearful during the examinations. She also struggled with her emotions during the hearing.

The ALJ erred in discounting Plaintiff’s testimony by relying on objective evidence that showed normal sensation, strength and lack of swelling, but failing to account for Plaintiff’s PASC and chronic pain syndrome. The ALJ failed to consider that some of Plaintiff’s primary complaints are caused by disorders that are difficult to measure. Moreover, there is objective evidence in the record that support Plaintiff’s testimony. Notably, Plaintiff performed a 6-minute walk test; she was only able to go 45% of the distance expected for her age and she needed breaks. She also has severe bilateral foraminal stenosis resulting in impingement on both L5 nerve roots, moderate to severe disc space narrowing, mild disc bulging and facet arthropathy.

The ALJ erred in discounting Plaintiff’s testimony in relying on her daily activities. The ALJ failed to explain what allegations were being discounted by those activities, and moreover, the activities identified do not equate to full-time work and failed to account that Plaintiff needs to take breaks and pace herself while completing her tasks. Finally, the ALJ failed to address Plaintiff’s well-documented struggles with fatigue.

The ALJ erred by failing to provide specific, clear, and convincing reasons to discounter Plaintiff’s testimony regarding physical and mental struggles. If the ALJ properly credited her testimony, a finding of disability would be mandated.

**3. Evaluation of Medical Opinions**

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to

consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.*

**a. Dr. Cardosi**

On June 10, 2025, Dr. Cardosi submitted a Medical Report. Dr. Cardosi has been treating Plaintiff since 2004. This was after the ALJ issued its opinion. Dr. Cardosi provided a diagnosis of idiopathic hypersomnia, which includes excessive daytime sleepiness, exhaustion, disturbance in nighttime sleep, and difficulty maintaining focus, concentration and attention. He stated that Plaintiff would need to lie down during the day due to sleepiness and exhaustion. He also indicated Plaintiff has experienced pain due to fibromyalgia. He noted her symptoms can wax and wane over time. Finally, he stated that excessive exertion would worsen

symptoms, and Plaintiff may need breaks to accommodate her sleep needs. If the AC properly considered Dr. Cardosi's opinions, a finding that Plaintiff was disabled would be mandated.

**b. Dr. Derek Leinenback**

Dr. Leinenbach examined Plaintiff and concluded that standing and/or walking was recommended to be at less than 4 hours in an 8-hour period and sitting was recommended at less than 6-hours in an 8-hour period. The ALJ rejected this portion of Dr. Leinenbach's opinion in part because an examination with Plaintiff's primary care nurse practitioner was normal with normal sensation and range of motion, other than bilateral tenderness to the trapezius muscle.

The ALJ erred in finding Dr. Leinenbach's opinion only partially persuasive because the entire opinion is consistent with and supported by the evidence in the record. Dr. Leinenbach himself found she had a mildly slow gain, limitations in her lumbar ROM, positive bilateral SLR seated and supine, and absent right ankle reflex.

**c. Dr. Morgan and M. Washington, ARNP**

The ALJ did not address the opinions from D. Morgan, PhD or M. Washington, ARNP. Both of these providers concluded that Plaintiff would struggle to maintain attendance, be punctual, and complete a normal workday.

David Morgan PhD completed a psychological / psychiatric evaluation on October 11, 2022. He noted moderate limitations in completing a normal workday and work week without interruptions from psychologically based symptoms, among others. He noted a duration of 6 months.

Marquetta Washington completed an evaluation on October 21, 2022, for the Washington State Department of Social & Health Services. Ms. Washington limited Plaintiff to sedentary work. Ms. Washington gave a duration of 12 months.

The ALJ erred in failing to address these opinions.

//

**4. Conclusion**

The ALJ erred in finding that Plaintiff's testimony regarding her limitations was not credible because her testimony is supported by objective evidence in the record. Moreover, the ALJ erred in evaluating the opinion of Dr. Leinenbach, Dr. Morgan, and Ms. Washington. Because there is no need to develop the record or convene further administrative proceedings, a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvi*n, 759 F.3d 995, 1021 (9th Cir. 2014). If the ALJ properly credited Plaintiff's testimony and properly evaluated the medical opinions, it is clear Plaintiff is disabled and unable to complete full-time employment.

Accordingly, **IT IS HEREBY ORDERED:**

1. For court management purposes, Plaintiff's Opening Brief Plaintiff's Opening Brief, ECF No. 9, is **GRANTED**.

2. For court management purposes, the Commissioner's Brief, ECF No. 11, is **DENIED**.

3. The decision of the Commissioner is reversed and remanded for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 24th day of August 2026.

Stan Bastian
Chief United States District Judge